IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Action No. 23-cr-00057-CNS-1
(Civil Action No. 25-cv-00344-CNS)

UNITED STATES OF AMERICA,

v.

JARICE SYLVESTER,

    Defendant.

## ORDER

This matter is before the Court on the *pro se* "Motion to Vacate, Set Aside, or Correct Sentence (Pursuant to 28 U.S.C. § 2255)" filed by Defendant Jarice Sylvester on January 31, 2025.[1] ECF No. 42. The Court denies the 28 U.S.C. § 2255 motion.

### I. SUMMARY FOR PRO SE DEFENDANT

You filed a motion to vacate your sentence pursuant to 28 U.S.C. § 2255. However, these motions must be filed within one year of the conviction, with some exceptions. Because you filed the motion more than one year after your conviction, and none of the exceptions apply, the Court denies your motion. The Court will explain why it is doing so below.

---

[1] The Court must construe the motion liberally because Defendant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110.

## II. BACKGROUND

Defendant agreed to plead guilty to one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1). Judgment was entered on October 10, 2023. *See* ECF No. 34. Defendant did not appeal. Defendant asserts one claim in the § 2255 motion arguing that his conviction is unconstitutional in light of the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).

## III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence. The one-year limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## IV. ANALYSIS

Because Defendant did not file a direct appeal, his conviction became final when

the time expired to file a direct appeal. *See United States v. Prows*, 448 U.S. 1223, 1227–28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."). Pursuant to Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure, a notice of appeal in a criminal case must be filed within fourteen days after entry of the judgment. Thus, Defendant's conviction became final fourteen days after judgment was entered on October 10, 2023, which was October 24, 2023.

Defendant does not contend that he was prevented by unconstitutional governmental action from filing the § 2255 motion sooner, and it is apparent that he could have discovered the facts supporting his claim before his conviction was final. *See* 28 U.S.C. § 2255(f)(2), (4). With respect to § 2255(f)(3), the Supreme Court's decision in *Bruen* did not create any new rights that are retroactively applicable to cases on collateral review. In any event, even if the Supreme Court's decision in *Bruen* could have delayed the start of the one-year limitation period until that case was decided on June 23, 2022, Defendant's § 2255 motion filed on January 31, 2025, is still untimely. To the extent that Defendant relies on lower court cases decided after *Bruen*, those cases are not Supreme Court decisions and are not relevant to § 2255(f)(3). Finally, although not cited by Defendant, the Court notes that the Supreme Court's decision in *United States v. Rahimi*, 602 U.S. 680 (2024), also did not announce a new rule that is retroactively applicable to cases on collateral review. *See, e.g., Kraut v. United States*, No. 3:24-cv-01804-K, No. 3:18-cr-462-K-1, 2024 WL 4544122, *3 (N.D. Tex. Oct. 22, 2024) ("The holdings in *Rahimi* and *Bruen* did not announce a new rule that may be asserted retroactively on collateral

review.").

The one-year limitation period in 28 U.S.C. § 2255(f) is not jurisdictional and is subject to equitable tolling. *See United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008). Equitable tolling is appropriate "'when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *Id.* (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)).

Defendant fails to allege any facts that demonstrate that he has diligently pursued his claims, or that he was prevented from filing in a timely manner by extraordinary circumstances beyond his control. Therefore, equitable tolling is not appropriate and the § 2255 motion will be denied as untimely.

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability because Defendant has not made a substantial showing of the denial of a constitutional right.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from

this order would not be taken in good faith, and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Defendant files a notice of appeal, he also must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days, in accordance with Fed. R. App. P. 24.

## V.  CONCLUSION

Accordingly, it is

ORDERED that Defendant's "Motion to Vacate, Set Aside, or Correct Sentence (Pursuant to 28 U.S.C. § 2255)," ECF No. 42, is DENIED. It is

FURTHER ORDERED that no certificate of appealability will issue because Defendant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED this 3rd day of February 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge